UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT SMITH AND JODI SMITH,<br><br>  Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendants. | Case No:  C 10-00212 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 15 |

Plaintiffs Robert Smith and Jodi Smith filed the instant personal injury action against the United States of America ("the Government") as a result of injuries Mr. Smith allegedly sustained on August 23, 2005, while making a delivery to a United States Postal Service location in San Ramon, California.  Compl. ¶¶ 13-14.[1]  Mr. Smith alleges various causes of action, including a claim for strict liability (fifth cause of action), while Ms. Smith alleges a claim for loss of consortium (ninth cause of action).  At the Case Management Conference held on October 28, 2010, the Court ordered the Government to file its motion to dismiss by October 29, 2010, for Plaintiffs to file their opposition by November 9, 2010, and the Government to file its reply by November 16, 2010.

The Government timely filed its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  In its motion, the Government contends that the Court lacks subject matter jurisdiction over Ms. Smith's loss of consortium claim because she failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and that she cannot cure her failure to exhaust because her claim is time-barred by the FTCA's two-year limitations

---

[1] Pursuant to 26 U.S.C. § 2679(d)(2), the Government has certified that the United States postal employee involved in the incident, Tim Munsil, was acting in the course and scope of his federal employment at the time of the incident ostensibly giving rise to the action.  Dkt. 19.

period. The Government also seeks the dismissal of Mr. Smith's claim for strict liability on the ground that the limited waiver of sovereign immunity under the FTCA does not include claims for strict liability. No opposition or other response has been filed by Plaintiffs.[2]

Under the FTCA, claimants are required to submit their administrative claims within two years after the claims accrued. 28 U.S.C. § 2401(b). A tort claim brought under the FTCA accrues when the plaintiff discovers, or should have discovered with reasonable diligence, the existence of her injury and its cause. See Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008). If a plaintiff fails to comply with the requirements of § 2401(b), the district court lacks jurisdiction over the FTCA action. See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). Here, there is no dispute that Ms. Smith's claim accrued no later than August 23, 2005, when the accident occurred. Nor do Plaintiffs controvert the fact that Ms. Smith never filed an administrative tort claim. Accordingly, Ms. Smith's loss of consortium claim must be dismissed with prejudice. See Brady v. United States, 211 F.3d 499, 502-503 (9th Cir. 2000) (affirming dismissal of action for lack of subject matter jurisdiction where plaintiff "failed to comply with that statute's jurisdictional requirement that she file an administrative claim").

Dismissal of Mr. Smith's strict liability claim for lack of subject matter jurisdiction also is warranted. "[T]he United States, as sovereign, is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 608 (1990) (citation and internal quotations omitted). "[T]he existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983); Vacek v. U.S. Postal

---

[2] Plaintiffs' failure to oppose the Government's motion constitutes a violation of an order of this Court and thus provides a sufficient basis for granting the motion. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). To the extent that Plaintiffs agreed with or did not dispute the Government's arguments in its motion, they should have stipulated to the relief sought by the Government, or, at a minimum, filed a statement of non-opposition as required by the Local Rules. See Civ. L.R. 7-3(b). Plaintiffs are warned that further transgressions of the applicable procedural rules and/or any order of this Court may result in the imposition of sanctions, up to and including dismissal of the action in its entirety.

1  Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).  The FTCA provides for a limited waiver of
2  sovereign immunity with respect to some common law torts; namely, suits for "money
3  damages for injury or loss of property or personal injury or death caused by the negligent or
4  wrongful act or omission of any employee of the government while acting within the scope
5  of his office or employment."  28 U.S.C. § 2675(a); see also Molzof v. United States, 502
6  U.S. 301, 305 (1992).  It is well settled—and not disputed by Plaintiffs—that the FTCA's
7  waiver of sovereign immunity does not include claims for strict liability.  Laird v. Nelms,
8  406 U.S. 797, 804 (1972); Bramer v. United States, 595 F.2d 1141, 1144 n.7 (9th Cir.
9  1979).  Thus, the Court grants the Government's motion to dismiss Mr. Smith's claim for
10 strict liability.   Accordingly,

11      IT IS HEREBY ORDERED THAT:

12      1.   The Government's unopposed motion to dismiss (Dkt. 15) is GRANTED.
13 Plaintiff Jodi Smith's ninth cause of action for loss of consortium and Plaintiff Robert
14 Smith's fifth cause of action for strict liability are DISMISSED WITH PREJUDICE.

15      2.   Both the motion hearing and Case Management Conference scheduled for
16 January 11, 2011, are VACATED.  The Case Management Conference is CONTINUED to
17 **April 20, 2011 at 3:15 p.m.**  The parties shall meet and confer prior to the conference and
18 shall prepare a joint Case Management Conference Statement which shall be filed no later
19 than ten (10) days prior to the Case Management Conference.  The statement shall comply
20 with the Standing Order for All Judges of the Northern District of California and the
21 Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well
22 as for arranging the conference call.  All parties shall be on the line and shall call (510)
23 637-3559 at the above indicated date and time.

24      IT IS SO ORDERED.

25 Dated:  January 11, 2011                    _____
                                              SAUNDRA BROWN ARMSTRONG
26                                            United States District Judge
27
28